NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHOLOM GINSBERG, *individually and on behalf of all others similarly situated*,

        Plaintiff,

v.

I.C. SYSTEM, INC.,

        Defendant.

Civil Action No. 22-1147 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant I.C. System, Inc.'s ("Defendant") Motion for Judgment on the Pleadings (ECF No. 14). Plaintiff Sholom Ginsberg ("Plaintiff") opposed (ECF No. 17), and Defendant replied (ECF No. 20). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

    On an unspecified date, Defendant, a debt collector, sent Plaintiff a collection letter ("Letter") in order to collect a debt in the amount of $713.31 purportedly owed by Plaintiff. (Compl. ¶¶ 8, 28-29, 33, ECF No. 1.) According to the Letter, "as of 1/25/2021 [Plaintiff] owed" $4553.61. (*Id.* ¶ 33.) The Letter also stated that "[b]etween 1/25/2021 and *today*," Plaintiff was charged nothing in interest and fees, and he paid or was credited $3,840.30 toward the debt. (*Id.*)

(emphasis added). In the end, the Letter states that the "total amount of the debt *now*" is $713.31. (*Id.*) (emphasis added).

Because the Letter was undated, Plaintiff alleges that references to "today" and "now" create confusion about the debt's nature and make it appear that the Letter was just an attempt to improperly extort money from Plaintiff. (*Id.* ¶¶ 40, 50.) Because of the confusion and uncertainty created by the omission of a date in the Letter, Plaintiff avers that the Letter is "deceptive [and] misleading" and he "could not adequately or informatively respond to Defendant's demand for payment of [the] debt." (*Id.* ¶ 53.)

On March 2, 2022, Plaintiff filed a Complaint alleging four violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 (the "FDCPA" or the "Act"), including 15 U.S.C. § 1692d (Count I), 15 U.S.C. § 1692e (Count II), 15 U.S.C. § 1692f (Count III), and 15 U.S.C. § 1692g (Count IV). (*See generally id.*) On March 24, 2023, Defendant filed the instant Motion for Judgment on the Pleadings. (ECF No. 14.) On April 17, 2023, Plaintiff filed an opposition (ECF No. 17), and on May 8, 2023, Defendant filed a reply (ECF No. 20).

## II.  LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim before or after filing an answer. *See Hackensack Riverkeeper, Inc. v. Del. Ostego Corp.*, 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (citing Fed. R. Civ. P. 12(b)(6), (c)). When moving to dismiss after filing an answer, a defendant must move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] *Id.*; Fed. R. Civ. P. 12(c), (h)(2).

The standard governing a motion for judgment on the pleadings "based on the defense that the plaintiff has failed to state a claim" is the same standard "that appl[ies] to a Rule 12(b)(6)

---

[1] All further references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

motion." *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). A court must grant a Rule 12(c) motion "if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Id.* (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). The court will "accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id.* at 417-18 (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)).

Under Rule 12(b)(6), a court may dismiss an action if a plaintiff fails to state a claim upon which relief can be granted. *Id.* at 417. When evaluating a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether a complaint is plausible, a court conducts a three-part analysis. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 675). Second, the court identifies allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 679). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at

130 (quoting *Iqbal*, 556 U.S. at 680). This is a "context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.   DISCUSSION

"[The FDCPA] provides consumers with a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). The purpose of the Act is "to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id.* at 454. "Because the FDCPA is a remedial statute, [courts] construe its language broadly . . . ." *Id.* at 453. To that end, "[c]ourts routinely employ a 'least sophisticated debtor' standard" to decide if the FDCPA is violated. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). "Although the least sophisticated debtor standard is 'lower than the standard of a reasonable debtor,' it 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" *Id.* (alteration in original) (citation omitted).

#### A.   Section 1692e (Count II)

In Count II, Plaintiff asserts a claim under § 1692e of the FDCPA, which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," based on Defendant's failure to date the Letter. 15 U.S.C. § 1692e. To determine violations of this section of the FDCPA, "[courts] focus on whether a debt collector's statement in a communication to a debtor would deceive or mislead the least sophisticated debtor." *Jensen*, 791 F.3d at 420. In this case, Plaintiff claims that by withholding the date of the Letter, Defendant "withheld a material term from Plaintiff which made it confusing for her to understand the nature of the subject debt." (Compl. ¶ 40.) According to Plaintiff, the undated Letter "coupled with the references to 'today' and 'now' make it appear that the entire letter is just an attempt to improperly

4

extort money from Plaintiff and coerce Plaintiff to pay." (*Id.* ¶ 50.) Without the ability to determine from the Letter which date "today" and "now" refer to, Plaintiff claims that she was "misled as to the status of the subject debt." (*Id.* ¶ 35.)

In this motion, however, Defendant argues that by complying with Model Form B-1 ("Model Form") under Regulation F of the Consumer Financial Protection Bureau ("CFPB"), it is entitled to the "safe harbor" from violation of the FDCPA. (Def.'s Moving Br. 18-20, ECF No. 14-1.) First, Defendant argues that Regulation F is entitled to *Chevron* deference because Congress empowered the CFPB to enact regulations regarding the FDCPA. (*Id.* at 11-15.)

The term "*Chevron* deference" finds its genesis in the Supreme Court's ruling in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). Under the first step of *Chevron*, the court determines "whether Congress has directly spoken to the precise question at issue. If the intent of the Congress is clear, that is the end of the matter." *Chevron, U.S.A., Inc.*, 467 U.S. at 842. If the statutory language is silent or ambiguous, the court proceeds to *Chevron* step two, where the court must determine if the agency's interpretation of the statute is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844. The Supreme Court further clarifies that if it appears that Congress delegated authority to an administrative agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority, the agency's implementation of a particular statutory provision qualifies for *Chevron* deference. (Def.'s Moving Br. 12.) Defendant argues that, because Congress broadly authorized the CFPB to issue "binding regulations" regarding the FDCPA under the Dodd-Frank Wall Street Reform and Consumer Protection Act, and because Regulation F was created by CFPB pursuant to that authority, Regulation F is entitled to *Chevron* deference. (*Id.* at 13-14.) Furthermore, Defendant argues that because the FDCPA is

5

silent on the issue of whether a collection agency's validation notice must—or even should—contain a generation date and the Model Form was not "arbitrary, capricious, or manifestly contrary to the FDCPA," Regulation F and the Model Form provided by Regulation F are entitled to *Chevron* deference. (*Id.* at 16-18.) Lastly, Defendant avers that the Letter is entitled to the "safe harbor" protection because it is identical to the Model Form in layout, form, and substantive information. (*Id.* at 18-19.)

In response, Plaintiff contends that Regulation F is not entitled to *Chevron* deference because the FDCPA is unambiguous in requiring a date to satisfy the "least sophisticated debtor" standard. (Pl.'s Opp'n. Br. 14-17, ECF No. 17.) Further, Plaintiff contends that Defendant is not entitled to the "safe harbor" protection based on its reliance on the Model Form because compliance with the Model Form only ensures compliance with Regulation F itself, but not the FDCPA. (*Id.* at 13.) Additionally, Plaintiff argues that even if the Model Form might provide a "safe harbor" for some provisions of the FDCPA, it only does so with respect to the "form" of the required information by the FDCPA, but not the "substance" of the required information. (*Id.* at 12-13.)

Although neither the parties nor the Court could identify a factually comparable case in this District or the Third Circuit, the Court notes the Southern District of Florida's decision in *Roger v. GC Services Limited Partnership*, which involves an undated debt collection letter. No. 22-23192, 2023 WL 2124298, at *1 (S.D. Fla. Feb. 9, 2023). Specifically, like here, the court in *Roger* considered whether an undated collection letter violated the FDCPA. *See generally id.* Also similar to the instant case, the undated collection letter sent by the collection agency in *Roger* used words like "today" and "now" to refer to the amount of debt owed. *Id.* Accordingly, the plaintiff asserted violations of 15 U.S.C. §§ 1692d-g, and the defendant moved to dismiss all claims based

on the notion that the collection letter conformed to the Model Form under 12 C.F.R. § 1006.34(d)(2). *Id.* at *4-5. In response to the defendant's motion to dismiss, the plaintiff asked the court to ignore the CFPB's "safe harbor" provision and asserted that the undated letter itself sufficed to support his claims. *Id.* The *Roger* court, however, made a distinction between the substantive requirements of the FDCPA versus the requirements of the regulations themselves, noting that Regulation F never purported to make the use of the model notice a "safe harbor" against statutory violations, only violations of the regulations themselves. *Id.* at *10-11. Additionally, the court noted that even if the use of the Model Form might provide a "safe harbor," it only provides a "safe harbor" for the "form" of the required information, but not as to the "substance" of the required information. *Id.* at *11.

Here, the Court finds the reasoning in *Roger* convincing. Section 1006.34(d)(2)(i) of Regulation F states that "a debt collector who uses Model Form B-1 complies with the information and form requirements of paragraphs (c) and (d)(1) of this section." 12 CFR § 1006.34(d)(2)(i). In that connection, it never states that compliance with Model Form B-1 satisfies the FDCPA. Similar to the collection letter in *Roger*, the Letter in the instant case also uses words like "today" and "now" when referring to the amount purportedly owed by Plaintiff. (Compl. ¶ 33.) By describing the "total amount of the debt *now*" as $713.31 (*Id.*), the Letter creates confusion for the "least sophisticated debtor" as to the actual amount of debt that is owed at the time when he or she receives the Letter. Considering the language in Regulation F and the decision in *Roger*, this Court finds that compliance with Regulation F, alone, does not provide a "safe harbor" from violation of the FDCPA. Accordingly, upon consideration of the parties' arguments and construing the facts presented in the light most favorable to the non-moving party, the Court cannot find, as a matter

of law, that Defendant's Letter satisfies the requirements under § 1692e, and therefore, Defendant's motion is denied as to Count II.

### B. Section 1692g (Count IV)

Next, in Count IV, Plaintiff claims that Defendant violated § 1692g(a) by failing to properly provide the amount of the debt, and by attaching that debt to an unknown date. (Compl. ¶ 76.) Plaintiff further avers that Defendant violated § 1692(b) by engaging in collection activities and communication during the thirty-day period that overshadowed the disclosure of the consumer's right to dispute the debt. (*Id.* ¶ 78.) According to Defendant, Count IV should be dismissed for the same reasons as discussed above, *i.e.*, because the Letter mirrors the Model Form, it is entitled to the "safe harbor" protection of Regulation F. (*See generally* Def.'s Moving Br.)

First, § 1692g(a) states that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

>   with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Here, for the same reasons as expressed above with respect to § 1692e, the Court finds that because omission of the date created confusion on the amount of the debt owed, Plaintiff has alleged sufficient facts to sustain a claim under § 1692g(a).

Second, as for § 1692g(b), the FDCPA states that:

>   If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

The Court finds that Plaintiff's Complaint merely repeats this statutory language without providing a sufficient factual basis to show that he is entitled to relief under § 1692g(b). For example, the Complaint simply alleges that "Defendant . . . engag[ed] in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt." (Compl. ¶ 78.) This language simply mirrors the statutory language that provides "any collection activities and communication during

9

the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b); *see Pagan v. United Recovery Sys., L.P.*, No. 11-5994, 2012 WL 42940, at *3 (D.N.J. Jan. 6, 2012) (dismissing FDCPA claim where the allegations of the complaint did "nothing more than parrot the language of the statute, without providing any substantive fact in support"). Here, while the Complaint sufficiently states a claim for violation of § 1692g(a), it fails to state a claim for violation of § 1692g(b). Plaintiff's claims for violation of § 1692g(b) are, therefore, dismissed.

C.   Sections 1692d and 1692f (Counts I and III)

Finally, in Count I, Plaintiff asserts violations of § 1692d based on the fact that Defendant omitted the date from the Letter and defined the debt based on the omitted date. (Compl. ¶ 61.) In Count III, Plaintiff asserts that Defendant violated § 1692f by omitting a material term from the Letter to disadvantage Plaintiff from making an educated decision regarding the debt. (*Id.* ¶ 71.) According to Defendant, Counts I and III should be dismissed because of the reasons outlined in subsection III.A of this opinion. (*See generally* Def.'s Moving Br.)

First, § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Section 1692f 'allows a court to sanction improper conduct that the FDCPA fails to address specifically.'" *Feuerstack v. Weiner*, No. 12-4253, 2014 WL 3619675, at *7 (D.N.J. July 22, 2014) (citing *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013)). Critically, "courts have . . . routinely dismissed § 1692f claims when a plaintiff does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Id.* (alternation in original) (quoting *Ali v. Portfolio Recovery Assocs., LLC*, No. 13-4531, 2014 WL 1767564, at *4 (D.N.J. May 2, 2014)). Similarly, under § 1692d, a debt collector may not engage in any conduct the natural consequence

of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. To determine a violation of § 1692d, courts look at whether the debt collector repeatedly "wrote . . . , called, visited, or otherwise contacted [the debtor]." *See, e.g.*, *Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128, 133 (3d Cir. 2016) (concluding that the defendant's one-time effort to collect the money owed through one round of mailing did not violate § 1692d); *Corson v. Accounts Receivable Mgmt., Inc.*, No. 13-1903, 2013 WL 4047577, at *6 (D.N.J. Aug. 9, 2013) (concluding that defendant violated § 1692d by repeatedly and continuously calling plaintiff for approximately two months).

Here, because Plaintiff does not allege any unfair or unconscionable conduct that is not already addressed by the § 1692e claims or allege any facts pertaining to repeated debt collection efforts, the Court finds that Plaintiff is not entitled to relief under § 1692d or § 1692f. Indeed, Plaintiff's opposition to Defendant's motion provides no express argument with respect to his claims under §§ 1692d or 1692f.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion for judgment on the pleadings is **GRANTED** in part and **DENIED** in part. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**